MEMORANDUM**
Araceli Arellano-Mendoza, a Mexican citizen, who entered the United States without being admitted or paroled, petitions from dismissal by the Board of Immigration Appeals (“BIA”) of her appeal of the Immigration Judge’s (“IJ”) denial of her motion to reopen her application for cancellation of removal. We review the BIA’s denial of a motion to reopen for abuse of discretion. Malhi v. INS, 336 F.3d 989, 993 (9th Cir.2003). We grant Arellano-Mendoza’s petition, reverse the BIA’s dismissal, and remand to the BIA for further proceedings.
*684 At the July 8, 2004, hearing, when the IJ scheduled the December 17, 2004, removal hearing, the IJ clarified:
[A]ll evidence is due in court ten days prior to the hearing .... All documents of residency of ten years must be proven by the respondent and provided by the respondent. The Court gives a lot of credibility to documents such as IRS filings, tax returns, W-2 forms, and any other document. Just a statement from someone who said, well, this person lived with me for ten years is not going to fly in this courtroom. You need some other information to prove that the person did live in this country. No matter what people do, you do buy things in the store and there are receipts. So there are other ways of proving residence.
Transcript at 11-12 (emphasis added). Speaking directly to Arellano-Mendoza, the IJ advised:
[Y]ou’ve been scheduled for a removal hearing on December 17th, 2004, at 1 o’clock in the afternoon. If you fail to appear other than exceptional circumstances beyond your control such as your own serious illness or the death of an immediate relative and nothing less compelling, otherwise you will be found ineligible for voluntary departure, cancellation of removal, and any other legal adjustment of status under immigration law for ten years after the date of entry of the final order of removal.
Transcript at 12-13 (emphasis added).
While required to appear at her December 17, 2004, removal hearing, Arellano-Mendoza did not have complete documentation of her continuous ten-year presence in the United States, in accordance with 8 U.S.C. § 1229b(b)(l)(A). At the hearing, the IJ stated:
IJ: It is my understanding at this time that the respondent wishes to withdraw her application for cancellation of removal and that is without prejudice to the respondent reinstating it should she have all her documents ready at some later time. The respondent is also willing to accept a final order of voluntary departure.
There is no bond necessary for this voluntary departure because I’m treating today as a master since the respondent requested withdrawal of her application.
Transcript at 15, 16 (emphasis added). Addressing Arellano-Mendoza, the IJ continued:
It is my understanding that .... you have some documents at home regarding your ten years continuous residence and you, because they relate to some immunization record of your older child, and also you have a child in special education whom you wish to present special evidence and you don’t have that evidence ready to proceed today, and that is why you withdrew your application today without prejudice since it has been pending for over three years. Is that correct?
Arellano-Mendoza: Yes.
IJ: And you understand that if you get everything ready, you may reopen, make a motion to reopen with the Court. Do you understand that?
Arellano-Mendoza: Yes.
IJ: All right.
Transcript at 17 (emphasis added). In return for this agreement, Arellano-Men-doza was granted voluntary departure to Mexico, and she additionally relinquished her right to appeal the voluntary departure. Id. at 16,17.
On March 7, 2005, Arellano-Mendoza moved to reopen her cancellation-of-removal proceedings with new documentation supplementing her first, copious submission that remained in the administrative record and is in the record on *685 appeal. Arellano-Mendoza represents that these two submissions of documents cumulatively provide credible evidence of her continuous presence in the United States for ten years. Obviously reviewing only the second, supplemental submission of documents filed with Arel-lano-Mendoza’s motion to reopen in accordance with the IJ’s agreement with her at the December 17, 2004, removal hearing, a different IJ denied her motion, because she had failed to establish prima facie eligibility for relief consisting of documentary evidence of ten years of continuous residence in the United States. The BIA dismissed Ar-ellano-Mendoza’s appeal on the same basis.
“The standard for estabhshing a prima facie case is whether the evidence reveals a reasonable likelihood that the statutory requirements for relief have been satisfied.” Fernandez v. Gonzales, 439 F.3d 592, 600 n. 6 (9th Cir.2006) (citations and internal quotation marks omitted). “In its determination, the BIA must take into account all relevant factors .... [,] must indicate how it weighed these faetors[,] and indicate with specificity that it heard and considered petitioner’s claims. A con-clusory statement by the BIA concerning favorable factors is insufficient.” Arrozal v. INS, 159 F.3d 429, 433 (9th Cir.1998) (citations omitted). Because Arellano-Mendoza withdrew her petition for cancel-’ lation of removal and agreed to voluntary departure, “the IJ never ruled on [her cancellation-of-removal] petition but instead granted” her voluntary departure. Medina-Morales v. Ashcroft, 371 F.3d 520, 527 (9th Cir.2004). Although Arellano-Mendoza fulfilled her part of the agreement stated by the first IJ, the second IJ erred in failing to review the cumulative documents in the administrative record that evidenced Arellano-Mendoza’s continuous presence in the United States for ten years, and the BIA perpetuated this error and abused its discretion by dismissing her appeal, resulting in no review of the merits of Arellano-Mendoza’s petition for cancellation of removal.
We retain jurisdiction over “constitutional claims or questions of law,” in immigration proceedings. 8 U.S.C. § 1252(a)(2)(D). Therefore, we review Ar-ellano-Mendoza’s due process argument de novo. Fernandez, 439 F.3d at 603. ‘We have held that due process requires that an alien receive a full and fair hearing,” which “includes a reasonable opportunity to present evidence.” Singh v. INS, 213 F.3d 1050, 1054 (9th Cir.2000) (citations, internal quotation marks, and alteration omitted).
This case is specific to its facts. The IJ agreed to Arellano-Mendoza’s voluntary departure, because she did not have the complete documentation of her ten-year residence in the United States at the December 17, 2004, removal hearing. Arella-no-Mendoza’s voluntary departure and agreement not to appeal was the quid pro quo for permitting Arellano-Mendoza to reopen her cancellation-of-removal petition, when she could supplement her petition with the necessary documentation. There was no requirement that she refile her previous supporting documentation, which would have been duplicative, since it remained in her administrative record. Because Arellano-Mendoza complied with the first IJ’s agreement and submitted documentation to establish her continuous ten-year presence in the United States, the second IJ should have honored the agreement to reopen Arellano-Mendoza’s cancellation-of-removal proceedings.
Petition Granted; Reversed and Remanded to the BIA.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.